**188** NEW-YORK PRACTICE REPORTS.

Harris agt. The Mercantile Insurance Company of Philadelphia.

# SUPREME COURT.

## HARRIS agt. THE MERCANTILE INSURANCE COMPANY OF PHILADELPHIA.

Where a policy of insurance contained this clause, to wit: "That the risks which the assurers are contented to bear and take upon them in this voyage, they are of the seas: First, pirates, rovers, assaulting thieves, jettisons, barratry of the master and mariners, unless the assured be owner or part owner of the vessel," &c. On demurrer to the answer, which alleged that "the assured, at the time of said alleged loss, were owners or part owners of said vessel," (the complaint alleging that the loss was occasioned by the barratrous acts of the master and crew), *Held*, that the words in the policy, "unless the assured be owner or part owner of the vessel," referred exclusively to the barratry of the master and mariners, and not to the other perils insured against.

*New - York Special Term, January*, 1859.

THE plaintiff declares on a policy of insurance, and alleges the loss to have been occasioned by the barratrous acts of the master and crew. The policy contains a clause, declaring that the risks which the assurers " are contented to bear and take upon them in this voyage, they are of the seas : First, pirates, rovers, assaulting thieves, jettisons, barratry of the master and mariners, unless the assured be owner or part owner of the vessel," and all other losses, &c. The defendants allege, in their answer, that the assured, at the time of said alleged loss, were owners or part owners of said vessel.

To this portion of the answer the plaintiff demurs.

TRACY & WAIT, *for plaintiff.*
BUTLER & EVARTS, *for defendants.*

DAVIES, Justice. The question presented for decision on this demurrer is, whether the words in the policy, " unless the assured be owner or part owner of the vessel," refer exclusively to the barratry of the master and mariners, or are to be taken

as applicable to the other perils insured against, those of the seas, first, rovers, assaulting thieves and jettisons.

It seems to me that such cannot be the construction to be given to this policy. It certainly never could have been the intention of the parties thus to have qualified the contract of insurance. It would be unmeaning if these words were not thus construed, as applied solely to the words they stand in juxtaposition, the barratry of the master and mariners. Lord MANSFIELD thought it very strange that the underwriter should undertake to indemnify against the misconduct of the master, who is the agent of the insured, and subject to his control. (3 *Kent's Com. p.* 402.) The same writer says, that in some countries barratry is expressly excepted from policies, in others not insurable. He also says, that in some of our American policies the risk from barratry is qualified, it is " barratry of the master (*unless the assured be owner of the vessel*), and mariners." (3 *Kent's Com. p.* 402.) This qualification is precisely what the parties have made in this case.

There must be judgment for the defendants on the demurrer with costs.